UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH ROBERT KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-01940-SEB-DKL |
| | ) | |
| STERICYCLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

This cause is now before the Court on Defendant's Motion for Summary Judgment
[Docket No. 14], filed on February 11, 2014, pursuant to Rule 56 of the Federal Rules of
Civil Procedure. Plaintiff Joseph Robert Kennedy, proceeding *pro se*, brings this action
against his former employer, Defendant Stericycle, Inc., alleging that he was
constructively discharged in violation of the Americans with Disabilities Act ("ADA")
and the Americans with Disabilities Amendments Act of 2008 ("ADAA") for a perceived
mental health disability after he raised concerns to his employer regarding alleged
regulatory compliance issues. Stericycle has moved for summary judgment, requesting
dismissal based on the following grounds: (1) that Mr. Kennedy failed to file a timely
charge with the Equal Employment Opportunity Commission ("EEOC") before filing
suit; and (2) that Mr. Kennedy signed a valid release waiving his right to file an
employment discrimination suit against Stericycle in exchange for Stericycle agreeing to
drop its then-pending state court lawsuit against him.

1

**Factual Background[1]**

Mr. Kennedy began working for Stericycle as a Waste Management Specialist on March 19, 2012. As a Waste Management Specialist, it was Mr. Kennedy's job to determine how to classify various pharmaceutical waste products. Mr. Kennedy was instructed that, in making this determination, he was to research the particular product's National Drug Code number in order to determine the product's chemical composition so that he could decide whether the product should be categorized as hazardous, non-hazardous, or some other form of regulated waste. According to Mr. Kennedy, within a few months of his employment, however, he began to believe that many of the pharmaceutical products were misbranded and he also became concerned that Stericycle was engaging in various anti-competitive marketing practices.

Mr. Kennedy alleges that he brought his concerns to the attention of his supervisor in May 2012, but that he was told only that he was being "paranoid." Mr. Kennedy continued to raise concerns through July 2012 at which point he alleges that he was told by his supervisor to start looking "for other opportunities." According to Mr. Kennedy, he became offended and humiliated by Stericycle's failure to investigate his complaints and insinuations that he was suffering from a debilitating mental health condition. Mr. Kennedy contends that this treatment created a hostile work environment for him in which he was referred to as a "risk to the company." Ultimately, this prompted Mr.

---

[1] Because we find that Plaintiff's claim fails based on the fact that he did not file a timely EEOC charge before filing suit, our recitation of the facts omits facts related to Defendant's alternative argument that Plaintiff's claim should be dismissed based on his having signed a release in exchange for Defendant agreeing to drop a state court lawsuit against him.

Kennedy to submit his resignation following his final meeting with his supervisor on July 30, 2012. Mr. Kennedy's employment with Stericycle officially ended on August 17, 2012.

On September 25, 2013, Mr. Kennedy filed a Charge of Discrimination ("Charge") against Stericycle with the EEOC. In his Charge, Mr. Kennedy alleged disability discrimination and retaliation under the ADA. Specifically, he alleged that he was forced to resign on August 1, 2012 "because of a perceived disability and in retaliation for reporting concerns, in violation of the Americans with Disabilities Act, as amended." Exh. H. In his Charge, he noted that the last date of alleged discriminatory action occurred on July 31, 2012, over a year prior to filing his Charge. On November 18, 2013, the EEOC dismissed Mr. Kennedy's Charge on the grounds that it was not timely filed. Mr. Kennedy subsequently filed this instant lawsuit on December, 9, 2013. In his Amended Complaint, he alleges that he was constructively discharged on or about July 30, 2012 from his employment with Stericycle as a result of a perceived mental health disability.

Stericycle filed the instant summary judgment motion on February 11, 2014. Mr. Kennedy filed an initial response on February 13, 2014, and then an additional response on February 19, 2014. Stericycle filed its reply on February 27, 2014. Mr. Kennedy has since filed two additional submissions in opposition to Stericyle's motion for summary judgment on March 4, 2014 and March 26, 2014, respectively. Both parties have also filed a number of additional motions since the summary judgment motion was filed, which have been fully briefed and are addressed below.

<u>**Legal Analysis**</u>

**I.      Related Motions**

Before addressing Defendant's summary judgment motion, we turn first to address

several related motions that have been filed by the parties.

**A. Plaintiff's Motion for Oral Arguments [Docket No. 21]**

On February 19, 2014, Mr. Kennedy filed a Motion for Oral Arguments, arguing

that his arguments would be "better heard and understood" if presented to the Court in

person because, as a *pro se* plaintiff, he is "extremely unfamiliar with the processes and

rules of civil procedure." Dkt. No. 21 at 1. However, because we are able to rule based

solely on the parties' written submissions, we <u>DENY</u> that motion.

**B. Plaintiff's Motion for Extension of Time [Docket No. 24]**

On March 20, 2014, Mr. Kennedy filed a Motion for Extension of Time,

requesting that we suspend our rulings in this cause until the EEOC answers his

complaint in a second lawsuit that is currently pending, or until that lawsuit is fully

resolved. Mr. Kennedy's motion for extension or suspension of time is <u>DENIED</u> because

the relief sought in such motion is incompatible with the proper management of the

Court's docket and the further development of this case.

**C. Defendant's Motion to Strike [Docket No. 27]**

On April 1, 2014, Stericycle filed a Motion to Strike Mr. Kennedy's submission at

Docket No. 25 entitled "Additional Remarks in Response to the Defendant's Motion for

Summary Judgment" and the four attached exhibits. Mr. Kennedy's submission at

Docket No. 25 is his fourth overall response to Defendant's summary judgment motion,

consisting of eighteen pages and four exhibits, none of which address issues relevant to

his ADA claim, which is the only claim now before us.  Because Mr. Kennedy has failed

to establish any grounds for filing his "Additional Remarks" under Local Rule 56-1[2] and

because his submission and the attached exhibits do not assist the Court in any way in

ruling on the dispositive issues raised in Defendant's motion for summary judgment, we

GRANT Defendant's Motion to Strike Docket No. 25 in its entirety.

### D. Plaintiff's Motion for Clarification [Docket No. 43]

Mr. Kennedy's Motion for Clarification filed on July 3, 2014, which essentially

requests discovery material associated with the potential for his own misbehavior is

DENIED. The reason for this ruling is that through such motion Mr. Kennedy seeks to

impose on Defendant a burden which is unjustified and abusive of the discovery process

as well as abusive of Defendant's time and of other resources, a disregard of the Court's

procedures, and is fully contrary to the spirit and letter of the Federal Rules of Civil

Procedure, which are designed to guide and aid litigants in the orderly resolution of

disputes.

### E. Plaintiff's Motion to Vacate Defendant's Motion for Summary Judgment [Docket No. 44]

---

[2] Local Rule 56-1 governs summary judgment procedures and allows for an opening brief in support of the motion, a response, and a reply.  Under Local Rule 56-1(d), the non-movant is allowed a surreply "only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response."  Mr. Kennedy has failed to establish any such grounds for filing a surreply here.

On July 3, 2014, Mr. Kennedy filed a Motion to Vacate Motion for Summary

Judgment.  Because there is no basis for vacating Defendant's summary judgment

motion, Plaintiff's motion to vacate is <u>DENIED</u>.

### F. Plaintiff's Motion for Emergency Order to Provide Testimony [Docket No. 48]

On July 24, 2014, Mr. Kennedy filed a Motion for Emergency Order to Provide

Testimony, essentially requesting that we order his former supervisor, a party witness, to

sign an affidavit.  Because there is no basis for requiring such under the Federal Rules of

Civil Procedure, we <u>DENY</u> Plaintiff's motion.

## II.    Motion for Summary Judgment

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment should be

granted when the record evidence shows that "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro.

56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323 (1986).  The purpose of summary

judgment is to "pierce the pleadings and to assess the proof in order to see whether there

is a genuine need for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986). Disputes concerning material facts are genuine where the evidence

is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In deciding whether genuine issues of

material fact exist, the court construes all facts in a light most favorable to the

non-moving party and draws all reasonable inferences in favor of the non-moving party.

*See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

### B. Discussion

Defendant contends that it is entitled to summary judgment on Plaintiff's ADA claim because he failed to timely file a charge with the EEOC, which is a prerequisite to suit. The ADA requires an individual to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory conduct. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). Failure to file a charge within this 300-day period renders any subsequent claim untimely and subject to dismissal. *Id.* at 241; *Koelsch v. Beltone Elec. Corp.*, 46 F.3d 705, 707 (7th Cir. 1995).

Here, Mr. Kennedy concedes that August 17, 2012 was the last day on which he could be considered to have been a Stericycle employee. He also does not dispute the allegations in his Charge that he was forced to resign on August 1, 2012 and that the latest date of alleged discriminatory action occurred on July 31, 2012. Nor does Mr. Kennedy dispute that he filed his Charge with the EEOC on September 25, 2013, more than one year after his alleged discriminatory and retaliatory resignation. Accordingly, it is undisputed that Mr. Kennedy failed to file his EEOC charge within the 300-day limitations period, and thus, his complaint in this action is subject to dismissal.

7

It is true that the United States Supreme Court has held that the statutory requirement of filing an EEOC charge within 300 days is not a jurisdictional prerequisite to suit, and is therefore subject to equitable tolling in appropriate circumstances. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). However, Mr. Kennedy has not presented any argument to this Court sufficient to justify application of equitable tolling in the case at bar. It is well settled under Seventh Circuit law that equitable tolling of the statutory deadlines in discrimination cases is appropriate only in limited circumstances, in order to protect the twin statutory goals of "promot[ing] the prompt and less costly resolution of the dispute by settlement or conciliation [through the EEOC process] and ensur[ing] timely notice to the employer of the grievance." *Porter v. New Age Servs. Corp.,* 463 Fed. App'x 582, 584 (7th Cir. 2012) (citing *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009)). "In discrimination cases equitable tolling extends filing deadlines in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize [he] has a claim; when a plaintiff makes a good-faith error such as timely filing in the wrong court; or when the defendant prevents a plaintiff from filing within the statutory period." 463 Fed. App'x at 584 (internal citations omitted).

None of these circumstances applies here. Mr. Kennedy has not alleged nor has he presented any evidence suggesting that he was unaware of his claim at the time of his resignation. There also has been no evidence adduced to establish that Stericycle in any way prevented Mr. Kennedy from filing a timely administrative charge. Instead, the only

reason Mr. Kennedy has advanced for his failure to file an EEOC charge within the 300-day limitations period is attorney negligence (according to Mr. Kennedy's response in opposition to Defendant's summary judgment motion, he was at that time represented by counsel). However, it is well-established that attorney negligence is an insufficient basis on which to toll the statutory deadline for filing an administrative complaint with the EEOC. *Modrowski v. Mote*, 322 F.3d 965, 967-68 (7th Cir. 2003) (collecting cases) ("The rationale is that attorney negligence is not extraordinary and clients … must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures.") (internal quotations and citations omitted); *see also Porter*, 463 Fed. App'x at 582 (holding that excuse of a good-faith filing in the wrong venue was "unavailing because [the plaintiff] was represented by counsel *before* the EEOC filing deadline, making [the plaintiff] an undeserving candidate for tolling"). Accordingly, because Plaintiff's ADA claim was not timely filed, Defendant's motion for summary judgment is GRANTED.

## III. Defendant's Emergency Motion for Protective Order [Docket No. 37]

On July 2, 2014, Defendant filed an Emergency Motion for Protective Order in which it recited a number of instances of disturbing behavior allegedly conducted by Mr. Kennedy, including sending numerous threatening and harassing voicemails and text messages to Stericycle's counsel and various Stericycle employees, as well as visiting Stericycle's facility unannounced on more than one occasion. Although we are unprepared on the basis of the record before us to issue the relief requested by Stericycle

in its motion, we advise Mr. Kennedy that given the dismissal of his case this litigation is now over, absent an appeal, and thus he should have no reason to continue contacting employees of Stericycle to pursue his various grievances or to advance requests relating to his claims in this case. He is, accordingly, admonished to refrain from doing so.

## IV. Conclusion

For the reasons detailed above, Docket Nos. 21, 24, 37, 43, 44, and 48 are DENIED. Defendant's Motion to Strike at Docket No. 27 and Motion for Summary Judgment at Docket No. 14 are GRANTED. Final judgment shall enter accordingly.

IT IS SO ORDERED.

Date: _____9/3/2014_____          _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH ROBERT KENNEDY
6724 Colville Place
Indianapolis, IN 46236

Cara J. Ottenweller
VEDDER PRICE P.C.
cottenweller@vedderprice.com

Steven Louis Hamann
VEDDER PRICE P.C.
shamann@vedderprice.com